## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Civ. No. 22-0012 (KMM/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Deputy Nick Lewis; Deputy Kyle Beckwith; and Unknown Deputies, Individual and Official Capacity, | |
| Defendants. | |

Plaintiff James Paul Aery alleges—in almost entirely conclusory terms—that law-enforcement officials infringed his constitutional rights during the course of a traffic stop and arrest. Because Aery is a prisoner, his complaint is subject to review under 28 U.S.C. § 1915A, which requires that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

1

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That said, the complaint still must "state a claim to relief that is plausible on its face," *id*. at 570, and in assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but the pleading must nevertheless allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint submitted by Aery provides only the barest outline of what is alleged to have occurred. In 2020, Aery was arrested for driving under the influence of an intoxicating substance and obstruction of justice. *See* (Compl. at 4.) Aery alleges that he volunteered to submit to a blood test during that encounter but that the request was refused. (*Id*.) Aery's car was also towed and impounded following the arrest. (*Id*. at 5.) In addition, Aery's glasses were broken during the arrest. (*Id*. at 5.) This Court assumes each of these factual allegations to be true. *See Aten*, 511 F.3d at 820.

Atop this narrow base of factual allegations, Aery attempts to raise several claims of constitutional infringements pursuant to 42 U.S.C. § 1983. Each of these claims,

2

however, ultimately rests upon one or more legal conclusions that are couched as factual allegations — that is, statements that are *not* entitled to an assumption of truth:

- Aery alleges that he was arrested "falsely." (Compl. at 4.) Whether the events at issue constitute false arrest is a legal conclusion, not a factual allegation. Aery offers no factual basis upon which to conclude that the arrest was carried out in the absence of probable cause or other legal justification.

- Aery alleges that officers used "excessive and unreasonable force" during the arrest. (Compl. at 5.) Again, that is a legal conclusion, not a factual allegation, and, as a legal conclusion, that statement is not entitled to an assumption of truth. Beyond this conclusory statement and the allegation that Aery's glasses were broken during the arrest, nothing whatsoever is alleged by Aery concerning the level or type of force used by defendants during the arrest or the circumstances in which the arrest was carried out. *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009) ("To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances.") (quotation omitted).

- Finally, Aery alleges that his car was seized "without probable cause in violation of my 4th and 14th Amendment Rights in December 2020." (Compl. at 5.) This is, once again, a legal conclusion, not a factual allegation. Even drawing every reasonable inference in Aery's favor, there are insufficient allegations in the pleading from which a factfinder could reasonably conclude that the arrest or the seizure of property was effected without probable cause.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." But the statement of a claim can be too short and too plain even for Rule 8(a)(2). Aery has provided practically no non-conclusory factual allegations in his pleading beyond that he was arrested and that his property was seized. These allegations, by themselves, do not come close to providing a reasonable basis upon which a factfinder could conclude that

Aery's constitutional rights were violated by the defendants. Aery has failed to state a claim on which relief may be granted.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915A(b). It is further recommended, in light of the recommendation of denial on summary review, that Aery's pending application to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. The application to proceed *in forma pauperis* of Plaintiff James Paul Aery (Doc. No. 2) be **DENIED**.

Dated: February 14, 2022              *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).