# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

James Paul Aery,                                         Civ. No. 22-0012 (KMM/BRT)

        Plaintiff,

v.                                                                   **ORDER**

Deputy Nick Lewis; Deputy Kyle
Beckwith; and Unknown Deputies,
Individual and Official Capacity,

        Defendants.

---

This case is before the Court on Plaintiff James Paul Aery's letter request for a referral to the Federal Bar Association Pro Se Project ("Pro Se Project").[1] (Doc. No. 21.) Plaintiff brings his motion because he anticipates difficulty obtaining discovery and reviewing digital information. (*Id.*) He requests from the Court a "referral to the Pro Se Project for assistance with this case."[2] (*Id.*)

Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of

---

[1] Pro se litigants who are referred to the Pro Se Project by the Court have the opportunity to meet with a volunteer attorney, but are not guaranteed representation.

[2] As noted, Plaintiff seeks a referral to the Pro Se Project. But the Court "has no obligation to refer a pro se litigant to the Pro Se Project." *Rickmyer v. ABM Sec. Servs., Inc.*, No. 15-cv-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5 (D. Minn. Aug. 6, 2020). That said, to the extent Plaintiff seeks the appointment of counsel, the Court addresses Plaintiff's request below.

counsel is a matter of the court's discretion. *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). The standard for appointment of counsel in such cases is whether both petitioner and the court would benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986); *see also Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996) ("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel[.]"). Among the factors the court should consider are "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Nachtigall v. Class*, 48 F.3d 1076, 1081–82 (8th Cir. 1995).

Here, Plaintiff brings claims under 42 U.S.C. § 1983 for an alleged assault. The facts plead by Plaintiff in his Amended Complaint do not present complex factual or legal issues that would warrant appointment. Nor does the Court find that Plaintiff is unable to investigate the facts or articulate his claims to the Court. Accordingly, after reviewing the factors, the Court finds that this case does not warrant either a referral to the Pro Se Project or the appointment of counsel. Thus, based upon the Court's consideration of all the files, records and proceedings herein, Plaintiff's request is **DENIED**.

**IT IS SO ORDERED**.

Date: June 9, 2022              *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge