# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

James Paul Aery,                                    Civ. No. 22-0012 (KMM/BRT)

             Plaintiff,

v.                                                  **ORDER**

Deputy Nick Lewis; Deputy Kyle
Beckwith; and Unknown Deputies,
Individual and Official Capacity,

             Defendants.

This matter is before the Court on Plaintiff James Paul Aery's Motion to Compel. (Doc. No. 34.) In his motion, Plaintiff seeks a variety of relief from the Court, including an order to compel responses to discovery requests, and an order for sanctions and default judgment relating to his discovery. In addition, Plaintiff seeks to name an additional party to this action. The Court addresses each of Plaintiff's requests in turn.

## I. ` Plaintiff's request for discovery

### A. Plaintiff's request for communications, emails, text messages, and other discovery

Plaintiff claims that Defendants have failed to produce various "communications like emails, text messages, and other forms prior to, during, and after event in question."[1]

---

[1] For example, Plaintiff claims that Defendants have not provided him with surveillance footage from the hallway related to his excessive force claim, even though a "response from Beltrami County Chief Deputy Janet Walton dated August 25, 2022" stated "evidence evaluation source of hallway video." (Doc. No. 34 at 2.)

(Doc. No. 34 at 1.) Though Plaintiff did not provide the Court with a copy of the written

discovery he served on Defendants pursuant to Local Rule 37.1, Defendants have

acknowledged in their opposing memorandum that on May 4, 2022, Plaintiff requested

"all recordings, emails, text messages and any other forms of communication prior to,

during and after event in question," to which Defendants stay they provided responsive

documents on June 3, 2022. (Doc. No. 36 at 3; Doc. No. 37-1 at 3.) As documented in

Defendants' filed exhibits, these responsive documents included Defendant Nick Lewis's

communications, Beltrami County Sheriff's Office Incident Reports, and video

recordings, including hallway footage from December 3, 2020. (Doc. No. 37-1 at 3.)

Defendants also state that on September 7, 2022, they supplemented their responses with

additional incident reports and more hallway footage. (Doc. No. 37-2 at 3–4.) As proof of

service, Defendants have provided exhibits that include affidavits averring that

Defendants' responses, both from the June 3, 2022 and September 7, 2022 production,

were served on Plaintiff by U.S. Mail and mailed to the Beltrami County Jail. (*See* Doc.

Nos. 37-1 at 5, 37-2 at 5.)

    Defendants' exhibits appear to show that Plaintiff should have received the

discovery produced. Plaintiff though, via a letter the Court received on September 19,

2022, claims that he has still not received the produced hallway footage. (Doc. No. 40.)

Therefore, Defendants must follow-up with Plaintiff regarding the hallway video footage

and, if necessary, provide Plaintiff with an additional copy of the responsive materials

that was produced by Defendants on June 3, 2022 and September 7, 2022. In addition,

though Defendants note that "[d]iscovery is not closed in this matter" and that they are

still "actively search[ing] for information responsive to [Plaintiff's] requests," (Doc. No.

36 at 7), Defendants must complete their search for documents and serve any

supplementation of responsive documents to Plaintiff by **October 14, 2022**.

Accordingly, Plaintiff's motion to compel regarding his request for various

communications is **DENIED** without prejudice. If, after receiving Defendants'

production, Plaintiff believes the production is still incomplete, then Plaintiff may file a

motion to compel in compliance with the Federal Rules of Civil Procedure, the Local

Rules, and this matter's Pretrial Scheduling Order.[2]

### B.     Plaintiff's request for the names of parties

Plaintiff claims that Defendants have failed to name all parties present in the

hallway and the cell during the incident in question. Specifically, Plaintiff claims that, in

his last two phone calls with counsel, Defendants have informed him that they are still

unable to identify two correctional officers who were present during the incident. As

---

[2]     The Federal Rules of Civil Procedure require a party to include "a certification
that the movant has in good faith conferred or attempted to confer with the person or
party failing to make disclosure or discovery in an effort to obtain it without court
action." Fed. R. Civ. P. 37(a)(1).). The meet-and-confer requirement is also outlined by
the District of Minnesota Local Rules. *See* D. Minn. LR 7.1(a) ("Before filing a motion
other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P.
56, the moving party must, if possible, meet and confer with the opposing party in a
good-faith effort to resolve the issues raised by the motion."). In addition, any discovery
motions must comply with Local Rule 37.1, which requires that a discovery motion
include the text (which may appear in an exhibit to which the motion or memorandum
refers) of any interrogatory, request, question, or notice in dispute, together with each
answer, response, or objection to any such interrogatory, request, question, or notice. *See*
D. Minn. LR 37.1.

such, Plaintiff asks for the Court to compel Defendants to name all parties present in the hallway and cell.

Plaintiff has not, however, established that he served written discovery in the form of a document request or interrogatory requesting the identification of all parties present in the hallway and in the cell during the incident.[3] And Plaintiff has not included the text of his written request or interrogatory, as required under Local Rule 37.1. *See* D. Minn. LR 37.1(c) (requiring that a discovery motion include the text of any interrogatory, request, question, or notice in dispute). Without a showing of an overdue written request or interrogatory, Defendants are not obligated to provide the requested information unless the names fall within the scope of Defendants' initial disclosures. *See* Fed. R. Civ. P. 26(a)(1) ("[A] party must, without awaiting a discovery request, provide to the other parties: the name . . . of each individual likely to have discoverable information . . . that the [Defendants] may use to support its claims or defenses."). Without any showing of the service of a discovery request, the Court must **DENY** Plaintiff's Motion to Compel without prejudice.

If Plaintiff wishes to serve an interrogatory seeking the identification of names of all parties present in the hallway and the cell during the incident in question, the Court reminds Plaintiff that, under the Pretrial Scheduling Order, fact discovery closes on December 19, 2022. Thus, any written discovery must be properly served by

---

[3]     Defendants state in their opposing memorandum to Plaintiff's Motion to Compel that Plaintiff never served any formal discovery request asking for the identification of all parties present during the incident. (Doc. No. 36 at 7–8.)

**November 18, 2022**, to provide 30 days for Defendants to respond. *See* Fed. R. Civ. P.

33(b)(2) (providing 30 days for a responding party to respond after being served with

written document requests or interrogatories); *see also* Fed. R. Civ. P. 34 (providing 30

days for a responding party to respond after being served with a request to produce

documents or electronically stored information).

The Court also reminds Defendants that, to the extent that any individuals present

in the hallway and in the cell during the incident may have relevant information that

Defendants may use to support their claims or defenses, Defendants must, per the

requirements of Rule 26(a)(1), identify those individuals as part of their initial

disclosures. If this is the case, Defendants must supplement their initial disclosures

immediately, and no later than **October 14, 2022**.

## II.     Plaintiff's request for sanctions and default judgment

In addition to seeking to compel discovery, Plaintiff also requests sanctions for

Defendants' alleged delay and withholding of discovery. But Plaintiff has not established

that Defendants have withheld responsive and discoverable information or delayed any

discovery responses. Further, Plaintiff has also not established that he has served on

Defendants a written request or interrogatory seeking the identification of all parties

present in the hallway and in the cell during the incident. Thus, he has not shown that

Defendants withheld or delayed discovery. Accordingly, Plaintiff's request for sanctions

is **DENIED**.[4]

---

[4]     Plaintiff's motion also asks the Court to consider "[d]efault Judgment due to the
nature of conduct." (Doc. No. 34 at 4.) Since Plaintiff has not established any

### III.     Plaintiff's motion to join additional parties

Plaintiff requests the Court's permission to "add Jason Riggs as a party." (Doc.

No. 34 at 4.) The Court construes Plaintiff's request as a motion to add a party. Pursuant

to the Court's May 2, 2022 Pretrial Scheduling Order, "[a]ll motions seeking to amend or

supplement the pleadings, including motions to add parties, claims, counterclaims, or

defenses, must be served and filed by" July 29, 2022. (Doc. No. 18.) Therefore, the

deadline to add parties expired on July 29, 2022. Plaintiff's motion was filed on

September 1, 2022. Thus, it is untimely. Accordingly, Plaintiff's motion (or request) to

add Jason Riggs as a party is **DENIED**.[5]

**SO ORDERED**.

Date: October 7, 2022                                     *s/ Becky R. Thorson*
                                                          BECKY R. THORSON
                                                          United States Magistrate Judge

---

sanctionable conduct, Plaintiff's request for default judgment as a sanction is also denied.
(*Id.*)

[5]      In addition to requesting to join the additional party "Jason Riggs," Plaintiff also
mentions in his motion that "[s]ubmission of further amendment may be necessary," and
that, at some point, he may need to join two currently unidentified correctional officers to
this action. (Doc. No. 34 at 2–4.) But as noted above, the deadline to add parties and
amend under the Pretrial Scheduling Order has expired.