UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | No. 22-cv-12 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Nick Lewis and Kyle Beckwith, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis on Appeal. On August 11, 2023, the Court accepted the Report and Recommendation of Magistrate Judge John F. Docherty, granted the Defendants' motion for summary judgment, and dismissed this action with prejudice. [Dkt. 64.] Plaintiff seeks to appeal that dismissal and to do so without paying the $500 appellate filing fee.

Under 28 U.S.C. § 1915, the Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the

inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Plaintiff's submission, he is entitled to in forma pauperis status on appeal. Ordinarily, to pursue the appeal, the Court would require Plaintiff to first submit a certified statement from the institution where he is confined showing receipts and balances from his institutional accounts for the last six months so that the Court could calculate an initial partial appellate filing fee pursuant to 28 U.S.C. § 1915(b)(1). *Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997) (discussing calculation of initial partial filing fee based on certified copy of prison account account). However, when Plaintiff applied for IFP status to proceed before this Court, he was excused from paying the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4) because he had no assets and no means to pay it. [Dkt. 5.] The record provides no basis to conclude that Plaintiff's financial situation has changed. [Dkt. 67.] Accordingly, the requirement that Plaintiff pay an initial partial appellate filing fee is waived as well.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Application to In Forma Pauperis on Appeal [Dkt. 67] is **GRANTED**; and

2. The requirement that Plaintiff pay an initial partial appellate filing fee is waived due to Plaintiff having no assets and no means to pay such a fee. 28 U.S.C. § 1915(b)(4). However, Plaintiff must pay the unpaid balance ($500.00) of the appellate filing fee for his appeal in the manner prescribed

by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities where Plaintiff is confined.

Date: August 29, 2023        *s/Katherine Menendez*
                              Katherine Menendez
                              United States District Judge